UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRENA P. JACKSON,

       Plaintiff,

v.

                                      Case No. 07-14184

COMMISSIONER OF SOCIAL SECURITY,       Honorable Julian Abele Cook, Jr.

       Defendant.

ORDER

On October 2, 2007, the Plaintiff, Prena P. Jackson, filed a complaint under 42 U.S.C. § 405(g), in which she seeks to obtain a judicial review of an adverse decision by the Defendant, Commissioner of the Social Security Administration, who had denied her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Thereafter, both parties filed motions for the entry of summary judgments pursuant to Federal Rule of Civil Procedure 56.[1]

On August 5, 2008, Magistrate Judge Steven D. Pepe, to whom these two dispositive motions had been referred, filed a report in which he recommended that the Court (1) grant the Defendant's motion for summary judgment, and (2) deny the Plaintiff's motion for the same relief. Objections by the Plaintiff to Magistrate Judge Pepe's report followed.

For the reasons that have been set forth below, the Court (1) adopts the report and

---

[1]Pursuant to Fed. R. Civ. P. 56(c), the Court should grant the "judgment sought . . . if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact . . . ."

recommendation of Magistrate Judge Pepe in full and (2) denies the Plaintiff's request for remand.

I.

This case was initiated on March 30, 2005 by the Plaintiff who submitted an application to the Defendant for DIB and SSI.  During a hearing on March 22, 2007 before Administrative Law Judge Richard Sesena ("ALJ"), she testified that her ability to work had been severely impaired by a variety of disabling conditions (i.e., hypertension, asthma, as well as a continuing pain in her knees and ankles). She complained about her difficulty in standing for more than an hour because of a knee and ankle pain. On the other hand, she acknowledged that there were certain objects which could be lifted by her from a sitting position, as well an ability to walk around the house with the assistance of a cane.  A vocational expert testified during the hearing that a hypothetical person whose physical limitations were similar to those of the Plaintiff could perform 3,300 jobs as a receptionist or information clerk, 2,000 jobs as a general office clerk, and 700 as a production inspector and tester jobs in the national economy.[2]  Relying upon this vocational expert's testimony, as well as his belief that some of the Plaintiff's statements which had addressed the limiting effects of her symptoms were not credible, the ALJ concluded that she was capable of performing some sedentary work.  Thus, it was his determination that she was not disabled within the meaning of the Social Security Act.  In particular, the ALJ critically noted that the Plaintiff had not sought "any special treatment for her arthritis other than wearing a right knee brace and . . . pain medications."

In her written objection to the report from the magistrate judge, the Plaintiff contends that

---

[2]In his examination of the record, Magistrate Judge Pepe opined that the vocational expert had misspoken regarding the amount of jobs in the national economy. He concluded that these figures only pertained to the Michigan economy.

the ALJ had failed to base his decision on the substantial evidence in the record. As an alternative measure of relief, she has offered to proffer additional medical evidence of her disability that had not been presented to the ALJ during the hearing on March 22, 2007. Thus, if her suggestion is adopted by the Court, she believes that this case should be remanded for another hearing before an administrative judge.

II.

According to 42 U.S.C. § 405(g), this Court has the authority to review every final decision of the Social Security Administration in order to determine if it is supported by substantial evidence and was arrived at using the proper legal standards. *Despins v. Comm'r of Social Sec.*, 257 Fed. Appx. 923, 928 (6th Cir. 2007) (citing *Brainard v. Sec'y of Health & Human Serv.*, 889 F.2d 679, 681 (6th Cir. 1989)). An ALJ is not required to accept all of her testimony as true. *See Gooch v. Sec'y of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987). It is not the function of this Court to revisit the case on a *de novo* basis or to decide evidentiary conflicts and credibility. *Brainard*, 889 F.2d at 681. Evidence is deemed to be substantial if it rises to the level where a reasonable mind would accept it as being adequate to support a conclusion. *Heston v. Comm'r of Social Sec.*, 245 F.3d 528, 534 (6th Cir. 2001) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). If there is substantial evidence to support the determination by an ALJ, the Court must defer to this decision even if there is a quantum of evidence upon which to reach an opposite result. *Warner v. Comm'r of Social Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). Therefore, the district courts must base its review only upon the evidence in the record, and should not attempt to try the case *de novo*. *Brainard*, 889 F.2d at 681 (citing *Reynolds v. Sec'y of Health & Human Serv.*, 707 F.2d 927 (6th Cir. 1983)).

III.

Initially, the Plaintiff contends that she has satisfied or, at least, equaled the definition of an impairment under 20 C.F.R. § 404, Subpt. P, App. 1.02. Under the law, if an applicant meets or equals an impairment in Appendix 1, the standard for defining a disabled person will have been satisfied. *See* 20 C.F.R. § 404.1520(d); *Gambill v. Bowen*, 823 F.2d 1009, 1011 (6th Cir. 1987).

The definition of an impairment in Appendix 1.02A under Subpart P of 20 C.F.R. § 404 reads as follows:

> Major dysfunction of a joint(s) (due to any cause): Characterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation or motion or other abnormal motion of the affected joint(s), and findings of appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). With . . . A. Involvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), resulting in inability to ambulate effectively, as defined in 1.00B2b.
>
> The inability to ambulate effectively is defined as follows:
>
> an extreme limitation of the ability to walk; i.e., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities.  Ineffective ambulation is defined generally as having insufficient lower extremity functioning to permit ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities.
> . . .
> examples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail. The ability to walk independently about one's home without the use of assistive devices does not, in and of itself, constitute effective ambulation.

20 C.F.R. Pt. 404, Subpt. P, App.1, 1.00(B)(2)(b)(1), (2).

Utilizing this statutory language as a backdrop, the Plaintiff submits that the pain in her right knee and ankle qualify as major joint dysfunctions. Magistrate Judge Pepe disagreed, opining in his report that she had failed to present a sufficiency of medical evidence of her gross anatomical deformity or an inability to ambulate effectively. He correctly pointed out that, although the medical records of Dr. Anurag Malawi support the Plaintiff's contention about the pain in her right knee (i.e., arthritis and mild narrowing of the medial compartment) which, in turn, places a limitation upon her ability to lift and bend her leg, it does not satisfy the definition of a gross anatomical deformity.[3]

Even if the Plaintiff did satisfy the definition of a gross anatomical deformity, she would still be required to demonstrate an inability to ambulate effectively. The definition of an "ineffective ambulation" requires a claimant - such as the Plaintiff - to utilize a hand held device for the functioning of both of her upper extremities. It should be noted that her use of a single cane does not satisfy this standard.

During the hearing, the Plaintiff reported that her identified disabilities have also precluded her from shopping. However, this allegation does not qualify her for the benefits that she seeks to obtain in this proceeding. She has acknowledged her ability to shop for an identified period of time before requiring the assistance of an electric cart.

Even if this testimony were enough to prove her inability to ambulate, the ALJ is not required to accept all of the Plaintiff's testimony as true. *See Gooch v. Sec'y of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987) Although the ALJ found that the medical evidence supported the Plaintiff's claims of arthritis, he also opined that her "statements concerning the

---

[3] There is no evidence in this record which indicates or suggests that she has ever been hospitalized or received any specialized treatment for her arthritic condition.

5

intensity, persistence and limiting effects of these symptoms are not entirely credible."

In summary, it is the view of the Court that Magistrate Judge Pepe was justified in concluding that the ALJ was correct when he determined that the Plaintiff had not proffered a sufficiency of evidence upon which to support her claim of a disabling impairment.

IV.

Next, the Plaintiff has offered to present new evidence which, if allowed, would ostensibly support her contention that she can satisfy the § 1.02A listing. It is her belief that the Court should remand the case in light of this new evidence, pursuant to Sentence Six of § 405(g).[4] A Sentence Six remand is appropriate only where the moving party has demonstrated that (1) the evidence is new and material to the issues in controversy, and (2) there was a good cause for her failure or inability to submit it prior to the rendition of the ALJ's decision. *Newsome v. Comm'r of Soc. Sec.*, 2007 U.S. Dist. LEXIS 96504, at *7 (W.D. Mich. October 12, 2007). The proffered records qualify as new because they were either not in existence or not available to her at the time of the hearing. *See id.* (citing *Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477 (6th Cir. 2006)). Without making a definitive evidentiary ruling regarding the admissibility of the proffered records and for the sole purpose of evaluating the Plaintiff's request for a remand, the Court will preliminarily assume that the proffered documents are material to this case which, in turn, will satisfy the first half of the *Newsome* standard. On the other hand, the Court is of the opinion that the Plaintiff has failed to satisfy the second half of the *Newsome* standard which requires the establishment of a good cause

---

[4]Sentence Six states, in pertinent part: "The Court . . . may at any time order the additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."

relating to her failure to incorporate this new evidence into the record prior to the publication of the decision by the ALJ. It is her view that good cause does exist here because the attorney who acted as her counsel during the hearing on March 22, 2007 terminated his employment with the Neighborhood Legal Services of Michigan sometime after ordering some of the medical records,[5] none of which were received by the ALJ. Mistakes by an attorney are not considered to be "good cause" for purposes of a remand under Sentence Six. *See Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 149 (6th Cir. 1996); *Brillhart v. Comm'r of Soc. Sec.*, 2008 U.S. Dist. LEXIS 67147, at *17 (W.D. Mich. August 4, 2008) Moreover, the Plaintiff has not shown that good cause exists with respect to the records concerning her knee surgery. The earliest of these records dates nearly a year after the ALJ rendered his decision. Her failure to submit a request to the ALJ to keep the record in this case open reflects the absence of good cause. *See Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007) (plaintiff's counsel's failure to seek to have record remain open to submit new evidence "in and of itself shows a lack of good cause"). So too, evidence that has been solicited to contest a disability decision cannot be remanded for good cause. *See Harthun v. Comm'r of Soc. Sec.*, 2008 WL 2831808 at *8 (W.D. Mich. 2008) ("The good cause requirement is not met by the solicitation of a medical opinion to contest the ALJ's decision."). On the basis of the facts in this record, the Court does not believe that a remand is warranted.

V.

For the reasons that have been stated above, the Court adopts in full the report of Magistrate Judge Pepe. Hence, the Court will, and does, (1) grant the Commissioner's motion for summary

---

[5]The Court has construed the Plaintiff's "good cause" argument as applying only to those documents which predate the ALJ's decision.

7

judgment and (2) deny Jackson's request for similar relief.

       IT IS SO ORDERED.

Dated:  March 9, 2009                          s/Julian Abele Cook, Jr.
       Detroit, Michigan                  JULIAN ABELE COOK, JR.
                                              United States District Court Judge

Certificate of Service

I hereby certify that on March 6, 2009,  I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

                                                       s/ Kay Doaks
                                                       Courtroom Deputy Clerk